## SUSPENSION FROM A CATHOLIC ORDER FOR MARRIAGE TO A DIVORCED PERSON.

Circuit Court of Cuyahoga County.

### KATHERINE PINTA KOUKOLICEK v. THE LADIES CATHOLIC BENEVOLENT ASSOCIATION.

Decided, June 17, 1912.

*Fraternal Beneficial Association—Remedy Within Order Must be Exhausted—Lawful Rules of Such Association—Practical Roman Catholic—Marriage to Divorced Person.*

1. Where an individual becomes a member of a fraternal beneficial association, he is bound to exhaust the remedies provided by its constitution and by-laws, not opposed to the laws of the state, which provide for the redress of grievances between members and the organization, and until he has done so he can not appeal to the courts for relief on account of such grievances

2. The requirement that none but practical Roman Catholic women may become members of a fraternal beneficial association or of any of its branches is one which the organization has a right to embody in its constitution and by-laws.

3. Marriage to a divorced person whose divorced husband or wife, as the case may be, is still living, is a violation of one of the rules or canons of the Roman Catholic Church, and a person who has committed this offense against the church, can not, under its laws, remain a practical Catholic.

*J. W. Sykora,* for plaintiff.
*Hart, Canfield & Croke,* contra.

NIMAN, J.; MARVIN, J., and WINCH, J., concur.

The action is here on appeal. The defendant, the Ladies Catholic Benevolent Association, is a mutual insurance and benefit association, incorporated under the laws of the state of Pennsylvania and transacting business in the state of Ohio. It insures the lives and health of its members and maintains social relations between its members.

The defendant, the St. Cecilia Branch No. 349 of the Ladies Catholic Benevolent Association, is one of the subsidiary organizations of the defendant association first named.

Section 4 of Title I of the supreme constitution of the association provides for the qualifications of members in the following language:

"None but practical Roman Catholic women may become members of the Ladies' Catholic Benevolent Association, or of any of its branches."

The plaintiff became a member of the St. Cecelia Branch of the association, and thereby of the association itself, on December 3, 1903. She thereby became entitled to all of the rights and benefits belonging to members of the organization, and acquired insurance upon her life for the sum of $1,000 payable to certain beneficiaries.

At the time the plaintiff joined the St. Cecelia Branch of the association, she possessed the qualifications necessary to render her eligible to membership in the association. She remained a member in good standing until November 7, 1907, when she was suspended. Her suspension was followed by such action on the part of the organization, that on or about June 4, 1908, she was expelled.

The ground of her suspension and expulsion from the association was, that on or about September 3, 1907, she had married a divorced man whose divorced wife was still living, and had thereby violated one of the rules of the Catholic Church, and had ceased to be a practical Catholic.

By this action the plaintiff seeks to enjoin the defendants from refusing her the rights and benefits of a member of the association, and from cancelling or making void her insurance in the organization, and in case such relief can not be granted her, she asks for an accounting of the money paid by her as premiums or assessments and a recovery of the same. Her right to the relief sought is disputed by the defendants on the ground that she had not exhausted her remedies within the association, and until she had done so, she has no standing in the civil court to obtain redress for the alleged wrongs done her by the organization of which she was a member.

In *Meyers et al* v. *Jenkins, Admr.*, 63 O. S., 101, it was held as follows:

"The members of a lodge of the Independent Order of Odd Fellows are not liable to another member of the same lodge for sick benefits, unless there is some law of the order expressly making them so liable. The obligation to pay sick benefits, as the laws of the order in this state stood in the year 1890, rested alone upon the lodge, and not upon the members thereof.

"When a member of such order claims to be entitled to sick benefits, he must seek his remedy in the first instance, in the lodge and the tribunal of the order and the determination of the matter by such lodge and tribunal in substantial accordance with the laws of the order, will be final and conclusive of the right to receive such benefits.

"If the lodge refuses or neglects, upon proper demand, to have the right to such benefits determined in substantial accordance with the laws of the order, or refuses to pay such benefits after the same have been awarded to such member, then such member may sue in the civil courts for the recovery of such benefits."

We consider it settled, then, that where an individual becomes a member of an organization such as this, he is bound to exhaust the remedies provided by the constitution and by-laws, not opposed to the laws of the state, which provide for the redress of grievances between members and the organization, and until he has done so he can not appeal to the courts of the state for relief on account of such grievances.

Section 61, of Title I, of the constitution and by-laws of the Ladies' Catholic Benevolent Association provides for the filing of

charges against any member of a branch who violates the obligations of the association, and for the trial of such member.    The sixth paragraph of the section reads as follows:

''If after a fair and impartial trial the charges are proven, the accused may be fined, reprimanded, suspended, or expelled as a majority of the board of supreme trustees may determine.''

By virtue of other sections of the constitution and by-laws of the association, a member of a branch feeling dissatisfied at the decision rendered upon any charge or complaint, may appeal from the board of supreme trustees to the supreme council of the association.

The evidence fails to show that the plaintiff prosecuted any appeal.    She was notified of the proceedings against her and every opportunity was given her at every stage to protect her rights.    She did not take advantage of the rights given her by the constitution and by-laws of the organization to defend herself, and having failed to exhaust her remedies within the association she has failed in an essential part of her case.    Notice to the plaintiff that she had been expelled by the supreme council does not, in our opinion, avoid the necessity of proof that she had prosecuted the appeal provided for by the constitution and by-laws.    The fact that she had been expelled by the supreme council would not necessarily imply that an appeal would be taken in vain.

The requirement that none but practical Roman Catholic women may become members of the association, or of any of its branches, is one which the organization had a right to embody in its constitution and by-laws.    The association also had the right to require of its members, once admitted, that they continue to be practical Catholics, and to provide for the expulsion of those who cease to be such.

Marriage to a divorced person whose divorced husband or wife, as the case may be, is still living, is a violation of one of the rules or canons of the Catholic Church, and a person who has committed this offense against the church can not, under its laws, remain a practical Catholic.

When the plaintiff married a man who had been divorced from his wife, whose divorced wife was still living, she ceased to be a

practical Catholic, and under the constitution and by-laws of the association, was subject to removal as a member thereof. No law of the state and no principle of public policy is violated by the insistence of the organization on the observance of this rule of the church, as a condition of the retention of membership therein.

It follows that the relief prayed for by the plaintiff must be denied and her petition dismissed.